THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL LIRETTE, individually and on behalf of all others similarly situated | § § § | DOCKET NO. _____ |
| Plaintiff, | § § | |
| | § | JURY TRIAL DEMANDED |
| v. | § § | |
| SM ENERGY COMPANY, | § § | |
| Defendant. | § § | |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

### I.  SUMMARY

1. Michael Lirette ("Lirette") brings this lawsuit to recover unpaid overtime wages and other damages from SM Energy Company ("SM") under the Fair Labor Standards Act ("FLSA").

2. SM is an oil and natural gas exploration and production company operating throughout the United States, including in Texas. To do so, SM employs oilfield personnel to carry out its work.

3. Lirette and the other workers like him were typically scheduled for 12 hour shifts, 7 days a week, for weeks at a time. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of paying overtime as required by the FLSA, SM paid these workers a daily rate with no overtime pay and improperly classified them as independent contractors.

5. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.  JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8. SM conducts substantial business operations in this District and Division.

### III. THE PARTIES

9. Lirette worked for SM from approximately January 2013 until December 2015.

10. Throughout his employment with SM, he was paid a day-rate with no overtime compensation and was classified as an independent contractor.

11. The relationship between Lirette and SM rises to the level of an employee-employer relationship.

12. For example, SM dictated Lirette's rate of pay.

13. SM set Lirette's schedule.

14. SM decided Lirette's work locations.

15. SM required Lirette to follow its policies and procedures.

16. SM prohibited Lirette from working for other employers while working for SM.

17. SM precluded Lirette from subcontracting out his work at SM.

18. Lirette did not provide unique services indicative of a third party contractor.

19. Lirette was a company man.

20. His consent to be a party plaintiff is attached as Exhibit A.

21. Lirette brings this action on behalf of himself and all other similarly situated oilfield workers who were classified as independent contractors and paid under SM's day-rate system.

22. SM paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated oilfield workers or potential class members sought to be certified is defined as follows:

**ALL CURRENT AND FORMER OILFIELD WORKERS THAT WORKED FOR SM ENERGY COMPANY, WHO:**

**(1) WERE CLASSIFIED AS INDEPENDENT CONTRACTORS;**
**(2) PAID A DAY-RATE; AND**
**(3) WORKED IN EXCESS OF FORTY (40) HOURS IN A WORKWEEK DURING THE LAST THREE (3) YEARS.**

23. Defendant **SM Energy Company**, may be served by serving its registered agent for service of process, **Corporation Service Company d/b/a CSC-Lawyers Inco, 211 7th St., Suite 620, Austin, TX 78701**. SM conducts substantial business activities in the Southern District of Texas and throughout the United States.

### IV.    COVERAGE UNDER THE FLSA

24. At all times hereinafter mentioned, SM has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all times hereinafter mentioned, SM has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all times hereinafter mentioned, SM has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27. At all times hereinafter mentioned, Lirette and the similarly situated oilfield workers were engaged in commerce or in the production of goods for commerce.

28. As will be shown through this litigation, SM treated Lirette (and indeed all of its oilfield workers that it classified as independent contractors and paid a daily rate without overtime compensation) as employees.

29. SM's misclassification of Lirette and the similarly situated oilfield workers as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

### V.   FACTUAL COLLECTIVE ACTION ALLEGATIONS

30. SM is an oil and natural gas exploration and production company operating throughout the United States, including in Texas. In order to provide services to many of its customers, SM contracts with certain companies to provide it with employees to perform the necessary work.

31. Many of these individuals worked for SM on a day-rate basis and were classified as independent contractors.

32. Lirette and the putative class members worked for SM under this pay scheme.

33. Lirette and the putative class members worked for SM as oilfield workers.

34. Lirette and the putative class members received a day rate.

35. Lirette and the putative class members did not receive a salary.

36. Lirette and the putative class members did not receive overtime pay.

37. Lirette and the putative class members are subjected to the same or similar pay practices for similar work.

38. Lirette and the putative class members performed routine tasks for SM.

39. Lirette and the putative class members worked overtime for SM.

40. Lirette and the putative class members often worked at least 12 hours a day, often 7 days a week.

41. Without the job performed by Lirette and the putative class members, SM would not be able to complete its business objectives.

42. Lirette and the putative class members rely on SM for work and compensation.

43. Lirette and the putative class members work in accordance with the schedule set by SM.

44. Lirette and the putative class members are not permitted by SM to subcontract out the work they are assigned to do by SM.

45. Lirette and the putative class members enforce SM policies and procedures.

46. Lirette and the putative class members ensure compliance with the quality standards put in place by SM.

47. Lirette and the putative class members did not substantially invest in the tools required to complete the overall job to which they were assigned.

48. Lirette and the putative class members did not possess any specialized or unique skill set.

49. Lirette and the putative class members did not market their services, while employed by SM.

50. Lirette and the putative class members worked exclusively for SM.

51. Lirette and the putative class members did not incur operating expenses like rent, payroll, marketing, and insurance.

52. SM set Lirette and the putative class members' rates of pay, work schedule, and prohibited them from working other jobs for other companies while working on jobs for SM.

53. Very little skill, training, or initiative was required of Lirette and the putative class members to perform their job duties.

54. SM required Lirette and the putative class members to work substantial overtime without overtime compensation.

55. SM classified Lirette and the putative class members as exempt from the overtime requirements, as an independent contractor.

## VI.  FLSA VIOLATIONS

56. As set forth herein, SM has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

57. SM knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the putative class members overtime compensation. SM's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

58. Accordingly, Lirette and the putative class members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.  JURY DEMAND

59. Lirette demands a trial by jury.

## VIII.  RELIEF SOUGHT

60. WHEREFORE, Lirette prays for judgment against SM as follows:

a. An Order certifying a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all putative class members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding SM liable for unpaid back wages due to Lirette and the putative class members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order appointing Lirette and his counsel as Class Counsel to represent the interests of the FLSA class;

d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    Federal ID No. 27157
    **Andrew W. Dunlap**
    State Bar No. 24078444
    Federal ID No. 1093163
    **Lindsay R. Itkin**
    State Bar No. 24068647
    Federal ID No. 1458866
    **Jessica M. Bresler**
    State Bar No. 24090008
    Federal ID. 2459648
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    litkin@mybackwages.com
    jbresler@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    Fed. Id. 21615
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**